UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CLARENCE BOURLIER,

        Petitioner,                     Case No. 18-cv-10648
                                               Hon. Matthew F. Leitman

v.

ERICK BALCARCEL,

        Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Michael Clarence Bourlier is a state prisoner in the custody of the Michigan Department of Corrections. In January 2016, Bourlier pleaded no contest in the St. Clair County Circuit Court to three counts of assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84, one count of felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and one count of felony firearm, Mich. Comp. Laws § 750.227b.

On February 23, 2018, Bourlier filed a *pro se* petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) He seeks habeas relief on the ground that he was sentenced on the basis of incorrect information in violation of his right to due process. (*See id.*) The Court has carefully reviewed the

1

petition and concludes Bourlier is not entitled to relief. Therefore, the Court **DENIES** the petition. The Court also **DENIES** Bourlier a certificate of appealability, but it **GRANTS** him leave to proceed *in forma pauperis* on appeal.

I

Bourlier's convictions arise from a 2015 incident in Clay Township, Michigan. Police arrived at Bourlier's home and found him holding a baseball bat as if he were about to swing it. (*See* 1/25/2016 Plea Hr'g Tr., ECF No. 10-5, PageID.113-114.) Three bloodied women were in the home. (*See id.*) One woman, Vicki Gunnells, had large amounts of blood on her upper body and legs and in her hair. (*See id.*) She told police that Bourlier had struck her in the head with a bat. (*See id.*, PageID.114.) A second woman, Monica Gunnells, told police that Bourlier struck her with the baseball bat on the side of her head and her torso. (*See id.*) Bourlier's daughter, Angelina, told police that her father had a gun in his pocket during the assault and that he typically kept it in a shed. Police later found a gun in the shed. (*See id.*)

Bourlier was charged as a fourth habitual offender with (1) three counts of assault with intent to do great bodily harm less than murder, (2) felon in possession of a firearm, and (3) felony firearm. On January 25, 2016, Bourlier pleaded no contest to all five charges in exchange for the reduction of the habitual offender enhancement from fourth to third. (*See id.*, PageID.101.) With the consent of

defense counsel, the trial court accepted the police report as the factual basis for the plea. Included in the report was Bourlier's daughter's statement that her father had a gun in his pocket during the assault. (*See id.*, PageID.115.)

On February 29, 2016, Bourlier appeared for sentencing. Prior to sentencing, the probation department had prepared a sentencing information report which contained a suggested scoring of the Michigan Sentencing Guidelines. (*See* Sentencing Information Report, ECF No. 10-7, PageID.162.) The probation department recommended scoring five points for Offense Variable Two on the ground that Bourlier possessed a firearm, *see* Mich. Comp. Laws § 777.32 (allowing five points to be scored when the offender "possessed or used a pistol"), and the court followed that recommendation. During sentencing, defense counsel told the trial court that he and Bourlier had "no challenges on the scoring of the guidelines." (*See* 2/29/2016 Sentencing Tr., ECF No. 10-6, PageID.126.) Counsel also conceded that "in a technical sense [Bourlier] could have had possession of the firearm because it was within close proximity to him." (*Id.*) But counsel did argue that Bourlier should receive a lesser sentence because Bourlier did not display or threaten anyone with the firearm. (*See id.*, PageID.128.) The trial court ultimately sentenced Bourlier to six to twenty years for each of the assault convictions, four to ten years for the felon-in-possession conviction, and two years for the felony-firearm conviction. (*Id.*, PageID.140.)

Bourlier filed a delayed application for leave to appeal with the Michigan Court of Appeals raising a claim arising out of his sentence. More specifically, he challenged the scoring of Offense Variable two, which, as noted above, was scored at five points based upon Bourlier's possession of a firearm. Bourlier argued that this scoring was in error because he did not use or display the gun during the incident. The Michigan Court of Appeals denied the application for "lack of merit in the grounds presented." *People v. Bourlier*, No. 334534 (Mich. Ct. App. Oct. 4, 2016). Bourlier then filed an application for leave to appeal in the Michigan Supreme Court. That court also denied leave to appeal. *See People v. Bourlier*, 894 N.W.2d 45 (Mich. 2017).

Bourlier then filed his habeas corpus petition in this Court. (*See* Pet., ECF No. 1.) Bourlier asserts that the state trial court improperly scored Offense Variable 2 of the state sentencing guidelines and that he is entitled to habeas relief because his sentence was based upon inaccurate information and therefore violated his right to due process.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

### III

Bourlier seeks habeas relief on the ground that the trial court violated his federal due process rights when it sentenced him based on inaccurate information. Specifically, he challenges the scoring of Offense Variable Two. He says that he should not have been assigned points under that sentencing guideline because the evidence was insufficient to show that he possessed or used a pistol during the assault.

Bourlier raised this claim on direct review. As described above, the Michigan Court of Appeals denied leave to appeal for lack of merit in a one-sentence summary order. *See People v. Bourlier*, No. 334534 (Mich. Ct. App. Oct. 4, 2016). Absent some indication to the contrary, this type of summary order is considered an adjudication on the merits to which AEDPA deference applies. *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). Bourlier offers no basis for rebutting that presumption and the Court finds none. The Court therefore applies AEDPA's deferential standard of review to the state court's decision.

Bourlier has failed to show that the Michigan Court of Appeals' decision was contrary to, or an unreasonable application of, federal law. "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). And "federal habeas corpus relief does not lie for errors of state law." *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Thus, Bourlier's claim that the state trial court erred when it scored Offense Variable Two is not cognizable on federal habeas review.

Bourlier counters that this claim rises to the level of a federal constitutional violation because he was sentenced on the basis of inaccurate information. He therefore insists that the state trial court violated his right to due process. Bourlier is correct that a sentence based on "extensively and materially false" information which the defendant had no opportunity to correct may constitute a federal due process violation. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948). But Bourlier has not established that he was sentenced on the basis of false information. The information about the handgun came from a police report which Bourlier's counsel agreed could serve as a factual basis for Bourlier's plea. Moreover, Bourlier did not object to the scoring of Offense Variable Two at sentencing, and he acknowledged that the sentencing information report was "factually accurate." (2/29/2016 Sentencing Tr., ECF No. 10-6, PageID.126.) Furthermore, Bourlier pleaded no

contest to being a felon in possession of a firearm, and an element of that offense is the possession of a firearm. *See* Mich. Comp. Laws § 750.224f.  Under these circumstances, Bourlier cannot establish that he was sentenced based on extensively and materially false information in violation of his right to due process.

Finally, and in any event, Bourlier admits that had the state trial court scored Offense Variable Two at zero points, that would not have changed the overall sentencing guidelines range. (*See* Pet., ECF No. 1, PageID.5.)  Therefore, even assuming that the state court erroneously scored Offense Variable Two, Bourlier's sentence cannot be said to have been *based* upon inaccurate information and any error was harmless. *See Williams v. United States*, 503 U.S. 193, 203 (1992) (stating that an error in scoring sentencing guidelines is harmless if the error did not affect the sentence imposed); *see also People v. Johnson*, 202 508 N.W.2d 509, 513 (Mich. App. 1993) (holding that an error in scoring offense variables that does not change the applicable sentencing guidelines range is harmless).  Because Bourlier has not shown that the scoring of Offense Variable Two impacted his sentence, any error is harmless.

For all of these reasons, Bourlier is not entitled to federal habeas relief.

## IV

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will **DENY** Bourlier a certificate of appealability because jurists of reason could not debate the conclusion that Bourlier failed to demonstrate an entitlement to habeas relief.

Finally, although this Court declines to issue Bourlier a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). A court may grant *in forma pauperis* status if it finds that an appeal is being taken in good faith.

*See id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). Although jurists of reason would not debate this Court's resolution of Bourlier's claims, an appeal could be taken in good faith. Accordingly, the Court **GRANTS** Bourlier permission to proceed *in forma pauperis* on appeal.

# V

For the reasons stated above, the Court **DENIES** Bourlier's petition for a writ of habeas corpus (ECF No. 1), **DENIES** Bourlier a certificate of appealability, and **GRANTS** Bourlier permission to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 16, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 16, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761

9